UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SERGIO ORNEGLAS-MORALES,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | CASE NO. 2:15-CV-01516-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: NOVEMBER 20, 2015 |

On September 21, 2015, Plaintiff, who is housed at the Northwest Detention Center, proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 in the above titled action. Plaintiff claims that the police department of "Porlartlan [sic] Oregon" did not want to sign his supplement. The undersigned recommends that this case be transferred to the District Court of Oregon, where venue is proper.

**DISCUSSION**

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1)

1 | the district in which any defendant resides, if all of the defendants reside in the same state; (2)
2 | the district in which a substantial part of the events or omissions giving rise to the claim
3 | occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a
4 | judicial district in which any defendant may be found, if there is no district in which the action
5 | may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court
6 | has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28
7 | U.S.C. § 1406(a).

8 | It is clear from Plaintiff's Complaint that Plaintiff's claims arise out of actions alleged to
9 | have been committed by the Portland Police Department either before or after Plaintiff's
10 | incarceration at the Northwest Detention Center. *See* Dkt.1-1. The Portland Police Department is
11 | located in Portland, Oregon, which is within the venue of the District of Oregon. *See* 28 U.S.C.
12 | §§ 84(b). Thus, venue is proper in the District of Oregon, not the Western District of
13 | Washington.

## CONCLUSION

15 | Accordingly, it is recommended that in the interest of justice, the above-titled action be
16 | transferred to the United States District Court for District of Oregon and that this case be closed.
17 | In light of the transfer, the Court should defer to the District of Oregon with respect to Plaintiff's
18 | application to proceed *in forma pauperis* (Dkt. 1).

19 | Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
20 | Procedure, the parties shall have fourteen (14) days from service of this Report and
21 | Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections
22 | will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 1401

1  (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the

2  matter for consideration on **NOVEMBER 20, 2015** as noted in the caption.

3  Dated this 29th day of October, 2015.

                                           David W. Christel
                                           United States Magistrate Judge