IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SERGIO ORNEGLAS-MORALES**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES OF AMERICA** <br><br> Defendants. | Case No. 3:15-cv-02304-SI <br><br> **OPINION AND ORDER** |

Sergio Orneglas-Morales, 205-975857, Northwest Detention Center (Tacoma), 1623 East J Street, Suite 5, Tacoma, WA 98421. Plaintiff *pro se*.

**Michael H. Simon, District Judge.**

Plaintiff Sergio Orneglas-Morales filed *pro se* claims against the United States of America in the U.S. District Court for the Western District of Washington. Although he brought his complaint against the United States of America, the allegations in his complaint show that he is alleging improper acts by the City of Portland Police Bureau ("PPB") and not the United States. Because the acts allegedly occurred in Portland by the PPB, the Western District of Washington transferred venue to this Court. Service of process has not yet occurred. Plaintiff

PAGE 1 – OPINION AND ORDER

filed an application with the court to proceed *in forma pauperis*, and the Court grants Plaintiff's application to proceed *in forma pauperis*.

Under the liberal pleading standards afforded to filings of a *pro se* plaintiff, the Court finds that Plaintiff fails to state a claim upon which relief may be granted and that amendment would be futile. Accordingly, for the reasons stated below, this case is dismissed with prejudice.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial

PAGE 2 – OPINION AND ORDER

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation and internal quotation marks omitted). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Jackson v. State of Arizona*, 885 F.2d 881, 882 (9th Cir. 1989). A complaint is frivolous "where it lacks an

PAGE 3 – OPINION AND ORDER

arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325; *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991); *Jackson*, 885 F.2d at 640.

## DISCUSSION

Two defects in Plaintiff's complaint require *sua sponte* dismissal. First, the complaint is asserted against the United States of America, but the allegations of the complaint assert wrongdoing by the PPB. No wrongdoing is alleged by the United States or any of its agents. Thus, claims against the United States are dismissed. Because the United States is the only defendant named in this case, the case is therefore dismissed.

Second, Plaintiff purportedly alleges claims under 42 U.S.C. § 1983. To state a claim for relief under § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was committed under color of state law.[1] *Azer v. Connell*, 306 F.3d 930, 935 (9th Cir. 2002). Plaintiff does not identify any right secured by the Constitution or federal law that he alleges was violated by the PPB. His sole allegation is that the PPB failed to sign an immigration form, USCIS Form I-918, Supplement B, which Plaintiff believes the PPB should sign. Plaintiff does not identify any federal law compelling a law enforcement agency, or any other eligible person or agency,[2] to sign Form I-918. To the contrary, whether to sign Form I-918 is discretionary. *See, e.g.*, *Ordonez Orosco v. Napolitano*, 598 F.3d 222, 226 (5th Cir. 2010) (disagreeing with the plaintiff's argument that law

---

[1] Notably, claims against the United States are not brought under § 1983. Because the Court finds that Plaintiff does not allege any claims against the United States, the named defendant, the Court does not construe Plaintiff's claims as against the United States under the doctrine set forth in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] A "certifying agency" is "a Federal, State, or local law enforcement agency, prosecutor, judge, or other authority, that has responsibility for the investigation or prosecution of a qualifying crime or criminal activity." 8 C.F.R. § 214.14(a)(2).

enforcement must issue a Form I-918 to a person who meets the statutory criteria and finding that "the language of [8 U.S.C.] § 1184(p) makes it abundantly clear that the decision to issue a law enforcement certification is a discretionary one"); *Bejarano v. Homeland Sec. Dep't*, 300 F. App'x 651, 653 (11th Cir. 2008) (noting that "any decision by the certifying official to sign or decline to sign the status certification is discretionary"); *United States v. Biao*, 2011 WL 607087, at *1 (S.D. Cal. Feb. 11, 2011) (("The decision of whether or not to issue certification to qualify for U Nonimmigrant status is discretionary."); *Catholic Charities CYO v. Chertoff*, 622 F. Supp. 2d 865, 887 (N.D. Cal. 2008) *aff'd sub nom. Catholic Charities CYO v. Napolitano*, 368 F. App'x 750 (9th Cir. 2010) ("Moreover, the denial of [law enforcement certificates] is a discretionary act and not subject to judicial review."); U AND T VISA LAW ENFORCEMENT GUIDE, Dept. of Homeland Sec. (2015), *available at*, https://www.dhs.gov/publication/u-visa-law-enforcement-certification-resource-guide (last visited December 17, 2015) ("A certifying official's decision to sign a certification is completely discretionary and under the authority of that agency or official. Neither DHS nor any other federal agency has the authority to require or demand that any agency or official sign the certification. There is also no legal obligation to complete and sign Form I-918B.").

Plaintiff fails to identify any federal law or constitutional provision violated by the PPB. Because the sole allegation raised by Plaintiff is that the PPB failed to sign Form I-918 and whether to sign this form is at the discretion of the PPB, the Court finds that granting leave to amend to substitute the PPB as the named defendant and bring claims against the PPB would be futile. Accordingly, this case is dismissed with prejudice. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) (noting that where "any amendment would be futile" there is "no need to prolong the litigation by permitting further amendment").

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is GRANTED. Plaintiff's Complaint (Dkt. 1-1), however, fails to state a claim upon which relief may be granted and cannot be saved by amendment. Plaintiff's Complaint, therefore, is DISMISSED with prejudice and without leave to amend. The Court further finds that any appeal from this Opinion and Order would not be taken in good faith and Plaintiff's *in forma pauperis* status should be revoked pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

DATED this 17th day of December, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge